UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MICHAEL DANIELSON,

    Plaintiff,

v.                                            Civil Action No. 2:11cv253

CITY OF VIRGINIA BEACH and

OFFICER T.A. DEMARTINI,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on a motion to dismiss for failure to state a claim, filed by the City of Virginia Beach ("the City"). Doc. 5. Michael Danielson ("Danielson") brought this suit on May 6, 2011 alleging two counts of 42 U.S.C. § 1983 violations and one count of gross negligence by Officer T. A. Demartini, and one count of a § 1983 violation by the City. Doc. 1 at 4–5. On June 7, 2011, Defendants filed their Answer (Doc. 7), together with this motion to dismiss the Complaint as to the City under Federal Rule of Civil Procedure 12(b)(6). Doc. 5. Danielson responded to this motion on June 17, 2011 and the time allowed by Local Rule 7 for filing a reply expired on June 20, 2011. LAR 7(F)(1). Therefore, this motion is ripe for decision.

## I. FACTUAL BACKGROUND

Because this is a motion to dismiss for failure to state a claim, the Court assumes that all of Danielson's factual allegations are true. Smith v. Frye, 488 F.3d 263, 266 (4th Cir. 2007). Danielson alleges the following:

1

On September 8, 2008, Danielson was arrested by Officer Demartini for being drunk in public, and was taken to the Virginia Beach jail. Doc. 1 at para. 10. While Danielson was in custody, with his hands handcuffed behind his back and secured to the wall by plastic cuffs, Officer Demartini struck him in the head and face so violently that it broke the plastic cuffs. Id. at paras. 12–13. Officer Demartini then threw Danielson (who had been rendered unconscious) to the jail floor. Id. at para. 14. Danielson alleges that this beating was due to the City's failure to properly train its police officers and its failure to investigate or prevent incidents of police brutality. Id. at paras. 16, 18, 26–27. The legal sufficiency of this allegation is challenged in this motion. See Doc. 6 at 4.

## II. THE PARTIES' POSITIONS

In its motion, the City argues that it is liable only if "the allegedly unconstitutional conduct was undertaken pursuant to a specific policy, practice, or custom of the City," and that a plaintiff may not allege that a policy exists based solely on the municipality's failure to respond to isolated incidents. Id. at 3, 4 (citing Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). The City further argues that a claim that a municipality failed to properly train its police requires a plaintiff to connect the specific constitutional violation to a deficiency in the training. Id. at 4 (citing Trull v. Smolka, 411 Fed. App'x 651, 657–58 (4th Cir. 2011) (unpublished) (per curiam)). The City states that Danielson's allegations against it are conclusory and fail to meet these standards. Id.

In response, Danielson argues that claims against municipalities are not subject to a heightened pleading standard requiring detailed facts or multiple incidents. Doc. 8 at 2. Instead, such claims need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jordan

by Jordan v. Jackson, 15 F.3d 333, 339 (4th Cir. 1994) (quoting Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)) (internal quotation marks omitted). Danielson argues that his allegations against the City meet this standard. Id.

### III. LEGAL STANDARDS

A municipality can be held liable for its employee's misdeeds "when the 'execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Jordan, 15 F.3d at 338 (quoting Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999)) (alteration in original).

In making these allegations, a plaintiff asserting claims under § 1983 "'must satisfy only the usual requirements of notice pleading specified by the Federal Rules.'" Edwards v. City of Goldsboro, 178 F.3d 231, 244–45 (4th Cir. 1999) (quoting Jordan, 15 F.3d at 339). A plaintiff need not "'detail the facts underlying his claims,' or 'plead the multiple incidents of constitutional violations that may be necessary at later stages to establish the existence of an official policy or custom and causation.'" Id. at 245 (quoting Jordan, 15 F.3d at 339).

However, notice pleading requires that a complaint contain "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007)). A plaintiff must show that the wrongdoing was not merely possible, but plausible. Id.

Since Iqbal, this Court has resolved 12(b)(6) motions in several cases in which plaintiffs were asserting § 1983 claims against municipalities. In Allen v. City of Fredericksburg, the Court held that the plaintiffs had failed to state a claim of failure to train because they had not provided "'supporting facts of even the most general nature to suggest any specific deficiencies in training . . . , or that the incident here alleged was anything but an aberrational act by an individual officer.'" Civil Action No. 3:09cv63, 2011 WL 782039, at *8 (E.D. Va. Feb. 22, 2011) (unpublished) (quoting Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989)). In Gerdak v. Doe, the Court dismissed for failure to allege a municipal policy, holding that "factual allegations regarding actions taken pursuant to an official custom or practice are necessary" to state a § 1983 claim against a municipality. No. 1:10cv908 (JCC), 2010 WL 3984809, at *4–5 (E.D. Va. Oct. 7, 2010) (unpublished).

Most similar to the case at bar is Burnley v. Norwood, Civil Action No. 3:10CV264-HEH, 2010 WL 3063779 (E.D. Va. Aug. 4, 2010) (unpublished). In Burnley, the plaintiff alleged "in multiple claims that the [police department] operated under official policies or customs," but failed to plead sufficient facts showing that the police "were operating under official policy or custom attributable to the City." Id. at *5. The Court also rejected his "allegations that the [police department] did not properly investigate his complaints against its police officers" on the grounds that his "factual allegations d[id] not plausibly show that the decisions in these investigations r[o]se above 'episodic exercises of discretion in the operational details of government.'" Id. at *6 (quoting Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999)). Finally, the Court rejected the plaintiff's "failure to train" argument because he

4

did not "plead any facts relating to [the police] training or supervision programs besides, perhaps, Burnley's displeasure with the investigations of his complaints," nor did he "plead facts to demonstrate that these investigations were part of any broader and deficient program." Id. As a result, the Court held that the complaint failed to meet the standard set forth in Iqbal and Twombly and dismissed the complaint against the city. Id. at *5, 9.

## IV. ANALYSIS

In this case, Danielson alleges that the City "failed to properly train defendant Officer T. A. Demartini in the use of force[,] . . . failed to investigate the illegal beating," and "permitted and tolerated a pattern and practice of unreasonable use of force by defendant police officer T.A. Demartini and other police officers." Doc. 1 at paras. 16, 18. Danielson further alleges:

> [I]t was the policy and practice of the defendant City of Virginia Beach to authorize its police officers to cover up the use of excessive force against citizens such as the plaintiff which policy and practice encouraged defendant officer Demartini to violate plaintiff[']s constitutional rights and to use unnecessary and excessive force against the restrained helpless and defenseless plaintiff.
>
> . . . The defendant City of Virginia Beach failed to enforce and punish the use of excessive force against restrained helpless and defenseless citizens such as the plaintiff by its police officers and agents, [and] failed to adequately train, direct, supervise or control defendant Officer T. A. Demartini and other officers so as to prevent the violation of plaintiffs rights or to insure that incidents of excessive force were reported and punished[,] thus encouraging the violation of plaintiff[']s constitutional rights.

Id. at paras. 26–27.

Accordingly, Danielson has alleged that the City failed to train its police officers to use force properly and to report inappropriate uses of force, and that the City has a custom of failing to investigate incidents where force is used inappropriately. Id. at paras. 16, 18, 26–27. These allegations are insufficient to meet the standard of notice pleading required by Iqbal and Twombly.

Danielson's allegations against the city closely resemble those of Javaid Iqbal, who claimed that the defendant high-ranking officials "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" Iqbal, 129 S. Ct. at 1951 (quoting Complaint ¶ 96, App. to Pet. for Cert. 173a-174a) (alterations in original). In light of the Iqbal Court's determination that such allegations were "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," id. (quoting Twombly, 550 U.S. at 555), Danielson's allegations against the City appear to also constitute a formulaic recitation of the elements of a § 1983 claim against a municipality based on the actions of its employee. As in Iqbal, Danielson's allegations consist of specific facts detailing the harm suffered, followed by general allegations that the supervising defendant did what was required to be held liable for that harm. Moreover, like the factual allegations in Twombly and in Iqbal, the specific facts alleged in this case—the beating of a single prisoner by a single officer—possess an obvious alternative explanation: that the offense by Officer Demartini was not the product of a city policy but a single unusual occurrence. See Semple, 195 F.3d at 712 (contrasting "'episodic exercises of discretion in the operational details of government'" with decisions by policymakers "that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time"). Therefore, the Court concludes that Danielson has failed to state a claim against the City.

## V. LEAVE TO AMEND

Danielson has requested leave to amend his Complaint should the Court find that it fails to state a claim against the City. Doc. 8 at 2. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied only under three circumstances:

6

(1) when "the amendment would be prejudicial to the opposing party," (2) when "there has been bad faith on the part of the moving party," or (3) when "the amendment would be futile." Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002) (quoting Edwards, 178 F.3d at 242) (internal quotation marks omitted).

At this stage, there is no evidence that amendment would cause any prejudice to the City, see Edwards, 178 F.3d at 243, nor is there any evidence of bad faith on Danielson's part. Neither can the Court conclude that Danielson will be unable to elaborate upon his claims against the City and thereby satisfy the standard set forth in Twombly and Iqbal. Therefore, leave to amend is appropriate in this case.

## VI. CONCLUSION

For the reasons stated above, the City's Motion to Dismiss Danielson's claims against it (Doc. 5) is **GRANTED**, and Danielson's claims against the City (Count IV of the Complaint) are hereby **DISMISSED WITH LEAVE TO AMEND** lasting thirty (30) days from the date of this order. Danielson is hereby **DIRECTED** to file an Amended Complaint with this Court within thirty (30) days of the date of this order if he wishes to pursue his claims against the City.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

August 19, 2011
Norfolk, Virginia